**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5040**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS CONJO-BERERA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00057-RLV-DCK-2)

Submitted: October 22, 2009          Decided: November 10, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Pruden, TIN, FULTON, WALKER & OWEN, P.L.L.C., Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Conjo-Berera was convicted after a jury trial of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006), and was sentenced to 324 months in prison. Conjo-Berera timely appealed. Finding no error, we affirm.

During trial, Conjo-Berera called coconspirator Ambrocio Aly Orozco to testify, but Orozco invoked his Fifth Amendment right against self-incrimination. Accordingly, Conjo-Berera sought to introduce evidence of Orozco's prior statement that Conjo-Berera was not his cocaine supplier. The district court refused to admit the evidence under Federal Rule of Evidence 804(b)(3). On appeal, Conjo-Berera argues that the district court erred in excluding this evidence.

We review the district court's rulings on the admissibility of evidence for abuse of discretion. United States v. Blake, 571 F.3d 331, 346 (4th Cir. 2009) (internal quotation marks and citation omitted). Hearsay is generally not admissible in evidence. Fed. R. Evid. 802. However, Rule 804(b)(3) provides an exception to the rule when an unavailable declarant has made a statement against penal interest. A statement is admissible under this exception if: (1) the

2

speaker is unavailable; (2) the statement is actually adverse to the speaker's penal interest; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement. United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). The party seeking to introduce the statement has the formidable burden of establishing these prerequisites. Blake, 571 F.3d at 350. In this case, the district court determined that the first two elements were satisfied, but Conjo-Berera failed to demonstrate "corroborating circumstances."

We have previously listed several factors relevant in assessing corroboration of a statement sought to be admitted under Rule 804(b)(3):

> (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3) whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and (6) the nature and strength of independent evidence relevant to the conduct in question.

Bumpass, 60 F.3d at 1102. Our review of the record convinces us that the district court, having correctly found "not even a minimal level of corroboration," properly ruled the evidence should be excluded. Because Conjo-Berera failed to meet the "corroborating circumstances" element of Rule 804(b)(3), the

3

district court did not abuse its discretion in excluding Orozco's hearsay statement.

Conjo-Berera next contends that the district court erred in calculating the drug quantity attributed to him at sentencing. The district court's determination of drug amount, made under a preponderance of the evidence standard, is a factual issue we review for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). We reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks and citation omitted). "When a defendant is convicted of a conspiracy involving the manufacture of cocaine base, the district court must estimate the total quantity of cocaine base that could be made from any cocaine powder seized." United States v. Hyppolite, 65 F.3d 1151, 1158 (4th Cir. 1995).

Our review of the record convinces us that the district court did not clearly err in calculating the quantity of drugs attributable to Conjo-Berera. There was sufficient evidence that Conjo-Berera routinely supplied large quantities of powder cocaine to Michael Cherry, knowing that Cherry would cook that cocaine into cocaine base, and having watched Cherry do so on more than one occasion. Thus, this claim entitles Conjo-Berera to no relief.

4

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED